Chen v. Perdue, No. 25-521 Ms. Wang, whenever you're ready. Good morning, Your Honor. As may it please the Court, I represent the appellants. The 221D letter is not a final decision. In Plaintiff Chen's case, Appellant Chen's case, it says that it's held for administrative processing. In the other Appellant Chen's case, it says you need to apply for a waiver of the fraud with USCIS, a different agency. And in the third appellant's case, Yen, it also says to apply for a waiver. In the third appellant's case, it says you need to apply for a waiver of the fraud with USCIS, a different agency. In the third appellant's case, it says you need to apply for a waiver of the fraud with USCIS, a different agency. The only arguments that are made are arguments on the merits. But in Mr. Yen's case, the district court did not reach the merits. Unlike the other two, the district court did not say, you know, dismissed with prejudice because you don't have a claim. In his case, the district court said, maybe you do have a claim. You have an interesting argument here, but it's improperly venued, dismissed without prejudice, and you don't challenge that. You're right, Your Honor. Arguably, we can start a new action in the district court of California for a plaintiff, Appellant Yen. So what is before us in his case? In his case, we would be giving an entirely advisory opinion with respect to his claim because, you know, we may reach issues that would be helpful to him in some other venue. But he's ‑‑ can you explain to me why you think that his case raises any issue for us to decide? If I read the district court's decision correctly, the judge was saying that I don't even get to the bad faith argument because there's the doctrine issue, even in his case. And then he was just entertaining that bad faith argument, had he ‑‑ were he able to reach the merits. So it started off as a bar based on the doctrine of consular non‑reviewability. But the bad faith issue is part of the consular non‑reviewability issue, right? I believe so. I believe so because it's a rational basis review. Okay. I guess I have your answer. Thank you. What's the difference between the constitutional rights you're asserting on behalf of your clients and the one the Supreme Court rejected in Munoz? This case is not about what right is at issue. This case is about an agency gone rogue. And the APA, as well as Mandamus, allows courts to have jurisdiction and rein in a rogue agency to comply with the laws any agency is obligated to. So every law or action by the government is subject to at least rational basis review. And that is what the officially legitimate and bad faith test is. It's a very minimal rational basis review. Well, help me out with this. I thought that ever since Mandel, and I'm old enough to have sort of lived through Mandel in that era, ever since Mandel, the rule has been that these decisions ordinarily cannot be challenged. Indeed, in that case, the Supreme Court did not even say, here's the exception. What they said was, we leave open the question whether if you have a citizen's constitutional right and there is either no decision at all or a bad faith, no explanation, no reason given at all, or maybe a bad faith decision, in those circumstances, maybe. First of all, do you have any case where a court of appeals has ever found that that maybe situation was before it and granted review? Yes, several. And this court itself in Cuthill v. Blinken, right, has dealt with a lawsuit, a Mandamus action just like this one, and granted and affirmed the summary judgment decision by the Connecticut District Court. And the Ninth Circuit and the D.C. Circuit have upheld that this is Mandel and the clandestine, and these cases never established any fundamental right or any right at all. They just dealt with a test. So what is the constitutional right of a citizen that you say is at stake in this case? I'm not saying any constitutional right is required for the courts to at least give a rational basis review, which is what this test is. That's not what Munoz says. Munoz didn't just go straight to rational basis review. It first examined whether there's a constitutional right of a citizen that's burdened. But Munoz cites Trump v. Hawaii, and Trump v. Hawaii says applying the rational basis review test at page 704. It says, quote, For our purposes today, we assume that we may look behind the face of the proclamation to the extent of applying rational basis review, and then apply the test. So the Supreme Court in Munoz cited cases and the line of cases, including the most recent Trump v. Hawaii case, all apply this test as a rational basis review. Because it's a very minimal test, Munoz was seeking a higher level of review, which a fundamental right would give. Yars. In this day and age where immigration is so important, and if we want to go back to the framers and apply glucky, no one came to the United States and immigrated to the United States from England alone. They immigrated with family. So if we do want to talk about rights, there are rights at stake. We're talking about siblings. My client here. We're talking about a mother and a son. Is that not a fundamental right to be with your mother? And we're talking about a spouse. Well, in Munoz, the Court said it was not a constitutional right to be with your spouse. So why are you saying siblings are better than spouses or more important than spouses? So we should distinguish Munoz on the ground of a case that involves the right of someone to bring over their sibling? I'm saying that we should follow the long line of Supreme Court cases that have not tried to identify any right or made the case into a case about a fundamental right or not. I'm sorry, where is that long line of cases? The long line of cases in this area, the cases that deal with whether a decision made by a State Department official abroad on an application for a visa by a citizen of another country is not reviewable. And what we're talking about is whether there is – what kind of exception there might be to that. Right? Yes. And didn't Mendel say, and didn't Munoz then reaffirm – and for that matter, didn't, but I don't know if we need to throw in a third one – that the exception that might apply is where a citizen's fundamental right is involved. And in that case, if there is, then the next thing that would have to be decided is whether the consular official either gave no reason at all or gave a bad faith reason. No, Your Honor. In those cases, right, they said that assuming there is a right involved, they jumped to the test immediately. None of those cases established what right was involved. In clandestine, it was about professors wanting to hear a person speak and for his visa to be granted. Anyway, I'm having a little trouble. This Court has said that a consular officer's decision to deny a visa is immune from judicial review. That's the American Academy v. Napolitano case. So that's the starting point. Then the Supreme Court has, as it said in Munoz, I'm quoting now, assumed that a narrow exception to this bar exists when the denial of a visa allegedly burdens constitutional rights of a U.S. citizen. I'm having trouble understanding where you think there's a right to review absent a claim of a constitutional – the deprivation of a constitutional right to a citizen. Your Honor, this is a mandamus action. It's about timeliness. Our timeliness is laid out. You still need to tell me or to tell us how you come outside the general rule that the denial of a visa is immune from judicial review. There is no denial of a visa in this case. The 221G letter was not final agency action. It said it's held for administrative processing. This is a mandamus action about timeliness. Our timeliness and the letters were attached in the complaint. There was no action. It's withheld.  Your client went to the consul having in their possession an affirmative decision by USCIS that they were eligible for the visa in the abstract because they're relatives of someone who's a United States citizen, and they walked out of the consul without a visa because the consul said that as a consequence of fraud in the application, the visa was denied, then pointed out that maybe that could be waived by a completely different agency. But as far as the consul's decision was concerned, it's over. Your client went to make a new visa application, right, to the consul bearing now not just the USCIS decision about a relationship, but also a waiver. Respectfully, that's not the regulatory framework. It's 9FAM 305.4-6. Quote, you should then wait for notification of waiver approval or denial from USCIS before taking further action on a case. From the consular's perspective, it's being held. Thank you, counsel. You're preserved a couple minutes for rebuttal. Thank you, Your Honor. You're clear from the government. Good morning, Your Honors. Elizabeth Gates from the United States Attorney's Office for the Eastern District of New York for the defendants. Your Honors, the decision of the district court to dismiss this suit should be affirmed, as plaintiff's claims are barred in their entirety by the doctrine of consular nonreviewability. The court should affirm the district court's decision for four reasons. First, consular nonreviewability bars plaintiff's claims full stop. There is no allegation of a constitutional violation here, and as a consequence, consular nonreviewability applies and fully bars plaintiff's claims. Second, there is no stand-alone exception to the doctrine of consular nonreviewability for challenges to the legitimate and bona fide reason provided by the Department of State, and the Department of State did exactly what it was required to do here. It provided a legitimate and bona fide reason to the plaintiffs for the denials of their visa. Third, there is not a stand-alone exception to the doctrine of consular nonreviewability to challenges premised upon bad faith. But even if there was, plaintiff's claims- Wait, wait, wait, wait. Let's go back to this last point because now you're on point three and it's related to point two. In your second point, you said so long as there is a facially legitimate and bona fide, that's Latin. It means good faith, right? So if that's – if good faith is required, then it would imply that bad faith is a problem. My question is, who decides and on what basis whether it is a bona fide reason or a bad faith reason? Yes, Your Honor. And first, most importantly, this Court and the district court should not have reached the issue of bad faith at all under the framework introduced in Munoz. Because there's no constitutional right, you don't need to get to that. Exactly, Your Honor. Let's assume there was a constitutional right. Then there would be, if we get over that hurdle, and I realize that's your first point, that there is none. If we got over that hurdle – now Judge Garik has had a very interesting approach in his sort of dictum musings about Mr. Young. But what he said was, and seemed pretty persuasive to me, was – well, at least on the face of it, he's got – he has allegations supported by an affidavit, I believe, that he was asked for a bribe by the consular officer. And he even paid at least a down payment on that bribe and then was basically betrayed and didn't get what he paid for. Now, suppose – I mean, that – suppose we have – it doesn't matter to me in this case because Mr. Young, as far as I'm concerned, is not in this case anymore. But suppose you had a person properly before the Court who, supported by sworn testimony, said – the consular officer said to me, you know, to my representative, my lawyer, not to the alien, said, I'll give you the visa if you pay me for it. If you don't pay me, goodbye. Would that lead – what would happen then? Would the – assuming there is a constitutional right involved, would the district court have to have a hearing on the truthfulness of that? I mean, what happens in a situation like that? I suppose you're going to tell me, but that's never going to happen because there are no constitutional rights that ever get involved, or at least we haven't seen one yet. But I'm just – this is what the Supreme Court said it was leaving open. And I'm just curious about why you would say that bad faith doesn't count. Yes, absolutely, Your Honor. And there are a couple of points that I want to address there. The first being that in plaintiff's allegations, the allegations regarding the person that Mr. Yan paid a bribe to, Mr. Yan did not bribe – or according to Mr. Yan, he did not bribe a consular official. He allegedly bribed a USCIS employee. So we're talking about a separate federal agency. And there's no allegation of the complaint that the Department of State or the particular consular officer was aware. Okay. I would also note that – Getting back to Mr. Yan's case, though, I'm really asking a hypothetical because Mr. Yan, as far as I can see, has been dismissed from the case on an entirely separate ground that the plaintiffs, for whatever reason, have not seen fit to challenge. But if he did bribe the consular officer, is that not a problem? Right. So in the theoretical circumstance where somebody paid a bribe to a consular officer, I would first note that Justice Kennedy in Kerry v. Dinn articulated – or gave, I think, a hint as to what the bad faith standard really is. And he wrote, Absent an affirmative showing of bad faith on the part of the consular officer who denied the visa, you may not look behind the government's exclusion. So I think there – and this is why Mr. Yan's claims fail. I mean, there are a multitude of reasons. But one of. But I guess what you're saying is that if Mr. or Ms. Chen had similar allegations – we'll put it the other way. They don't have that. There is no affirmative showing of bad faith. There's just an argument that the facially legitimate there's fraud reason should either be ignored because somehow the consular officer has to explain exactly what the fraud is or because they think it's marriage fraud which somehow can't be regular fraud and they're not getting the benefit of a generous decision by the consular officer that this is just regular fraud that denies the visa. But what he should have said was this is, in my view, marriage fraud which would bar you from making a further application, isn't it? Right. As to Zhao Picheng and Shiming Chen, the allegations do appear to be why didn't you specify that it was marriage fraud versus regular fraud. And that certainly does not reach, you know, the standard. Of course, the court shouldn't reach it at all. But it does not at all reach the standard required to articulate bad faith. And courts have frequently said, you know, the D.C. Circuit and Calendris said, disagreeing with the government is not bad faith. Okay, right. So you're saying, A, there's no constitutional right, and, B, there's no bad faith, but you would rather have us reach the constitutional right first and then say we don't need to decide the other issue. Yes, absolutely. In part because it seems it would be more efficient to reach the issue of the constitutional right first. I would also just note that there is no stand-alone exception to the doctrine of consular non-reviewability for timeliness, as plaintiffs argue. What do you mean by a stand-alone? I understand that. There's either an exception or there's not an exception. What does it mean to be a stand-alone exception and some other kind of exception? Absolutely. So what I am saying is, if you do not first have an allegation of a violation of a constitutional right, you don't get to any of these exceptions.  The court has not said there is an exception, but has at least reserved the issue, has not decided there is no exception, has at least reserved the issue of whether there is an exception, which has at least two elements, one of which is a constitutional right of a citizen is at stake. Right. And in Munoz, the court said, We have assumed a narrow exception when the denial of a visa allegedly burdens the constitutional rights of a United States citizen. In that event, the court has considered whether the executive gave a facially legitimate and bona fide reason. Got it. So essentially, no constitutional right, you're done, no further review. And, you know, that applies to this case. That's why plaintiff's claims should have been dismissed. The district court's decision to dismiss the suit should be affirmed. Oh, yeah. I think I may have cut you off. We're going to get to the timeliness story. I'm not sure where the timeliness thing factors into the Supreme Court's analysis. But the argument that I think is being made is not maybe exactly that. It's that this was not a final decision at all because of the possibility of waiver. What do you have to say to that? So my understanding of the timeliness argument is that plaintiffs are essentially saying that they disagree with the decision that was made. Yeah, that's the way I read the brief. But what was articulated here is a little different. Is that what you – I mean, maybe what you're really going to say is that wasn't what they said in the brief, and therefore they're taking you by surprise and we shouldn't consider this. But if you do have anything to say on the merits of that, I'd just be interested. Sure, absolutely. So the issue of the waiver is not resolved by the Department of State. It is resolved by a separate agency, USCIS. And so when the Department of State issued the denial under the 1182A6C Romanet 1, that was the end of the Department of State's decision-making process. I understand the point. Unless there's anything further, thank you very much. Thank you, counsel. Thank you. Thank you, Roboto. Good morning, again, Your Honors. And regarding the bona fide question, there's a plot here. There's a pattern in these three plaintiffs, and I'm just one attorney. And this is all coming from the Guangzhou Consulate in China. There is a law, 9FAM 302.9-4, that prohibits the State Department from denying or revoking a family relationship I.D. petition, which is the type at issue here. And you can only deny for INA 212A6CI. So INA 212A6CI is just the catch-all fraud. The marriage fraud is INA 204C. And the State Department has no grounds to do that. And so what they've done is they've denied on the catch-all so that this person will have to file a waiver and delay for more than a year, and then they can be done with the visa and deny it because a visa application expires after a year. So there is a plot here. And if the courts do not intervene, this rogue agency will continue this bad faith. Thank you, Your Honors. Thank you, counsel. We'll take the matter under advisement.